*(Rev. 3/15/2023)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| <u>MAYA DETIEGE</u><br>Plaintiff | Civil No.   3:23-CV-00175 |
| VS.<br><u>KATRINA R. JACKSON</u><br>Defendant | Judge   Foote<br>Magistrate Judge   McClusky |

**<u>RULE 26(f) CASE MANAGEMENT REPORT</u>**

A meeting of counsel (and any unrepresented parties) was held on <u>July 12, 2023</u>  <u>X</u> by telephone or ☐ in person.  The following persons participated:

    a.  Katharine Schwartzmann, for Plaintiff
    b.  Thomas Hayes IV, for Defendant

1.  **Nature of Plaintiff's Claim:** *(Identify the basic nature of Plaintiff's primary claim.  For example, "employment discrimination (sex)," "personal injury (slip and fall)," "civil rights (excessive force)," "copyright infringement (software)" or "breach of contract (oil and gas)." Do <u>not</u> summarize or restate the allegations of the complaint.*

    Civil rights (First Amendment).

2.  **Bench or Jury Trial:** *(Has any party demanded a trial by jury?  If so, identify the pleading containing the jury demand.)*

    Parties agree to a bench trial as the amount in controversy will not exceed $20.

3.  **Initial Disclosures:** *(Have the parties exchanged initial disclosures?  If not, explain.)*

    Yes, Parties exchanged disclosures in May 2023.

4.  **Jurisdiction:** *(Does any party challenge the court's subject matter jurisdiction over this case? If so, briefly explain the basis for the challenge.)*

    Jurisdiction exists pursuant to 28 U.S.C. § 1331.

5. **Joinder of Parties and Amendment of Pleadings:**

   A. *Does any party anticipate seeking leave to amend a pleading or add a party?*

   Plaintiff anticipates amending the Complaint to add a party. Defendant consents to the amendment and therefore leave of Court is unnecessary under F.R.C.P. 15(a)(2).

   B. *If so, describe briefly the anticipated amendments and identify any potential new parties and the nature of the claim against them.*

   Additional individual blocked by Defendant on Twitter. Civil rights (First Amendment).

   C. *State a proposed deadline for all amendments.  If any party requests a deadline that is more than 30 days after the date of the scheduling conference, provide a detailed explanation.*

   The deadline proposed for amendment of pleadings is August 20, 2023.

6. **Discovery Issues:** *(Absent stipulation or leave of court, the court will enforce the limitations on discovery in the F.R.C.P., including no more than 10 depositions per side [Rule 30(a)(2)]; each deposition is limited to one day of seven hours [Rule 30(d)(2)]; and no more than 25 interrogatories per party [Rule 33(a)].  With those rules, and the issues identified in F.R.C.P. 26(f)(1)-(4), in mind:)*

   A. *Each party shall briefly describe (i) any discovery disputes the party anticipates may arise and (ii) any relief the party requests from the court in connection with the discovery issues.*

   The Parties may need assistance from the Court to obtain discovery of materials in the possession of Twitter.

   B. *State a proposed deadline for completion of all discovery.  If any party requests a deadline that is more than 5 months after the date of the scheduling conference, provide a detailed explanation.*

   January 30, 2024. The Parties propose six months for discovery because of Plaintiff's impending amendment of pleadings. If expert witness testimony is required the Parties may need an extension for the purposes of conducting expert discovery.

7.  **Motion Practice:**

    A.  *Identify all pending motions.*

    No pending motions.

    B.  *Does either party anticipate filing a case dispositive motion?  If so, (i) identify the proposed motion and (ii) state a proposed deadline for dispositive motions.*

    The Parties anticipate that this matter may be resolved on cross-motions for summary judgment, as the case likely involves questions of law rather than fact.

    The Parties' proposed deadline for dispositive motions is May 20, 2024.

8.  **Alternative Dispute Resolution:** *(In accordance with Local Rule 16.3.1 and 28 U.S.C. ' 652, the parties must consider the use of alternative dispute resolution (ADR).  State the position of the parties on whether this case is amenable to ADR and, if so, what form of ADR is considered most appropriate.*

    Plaintiff is amenable to ADR. Defendant is amenable to ADR, conditioned upon receiving approval to participate in same from the proper authorities for the State of Louisiana.

9.  **Related Cases:** *(Is this case related to another case pending in the Western District of Louisiana?  If yes, give the name, docket number and a brief description of the other case.*

    No related pending cases in WDLA.

10. **Trial by Magistrate Judge:** *(Do all parties consent to trial before the assigned magistrate judge?)*

    ☐ YES    <u>X</u> NO

| */s/ Katie Schwartzmann* | */s/ Thomas M. Hayes IV* |
|---|---|
| Signature of Attorney for Plaintiff or *Pro Se* Plaintiff | Signature of Attorney for Defendant or *Pro Se* Defendant |

Name:  Katie Schwartzmann                Name:   Thomas M. Hayes IV

Firm:  Tulane Law School First              Firm:   Hammonds, Sills, Adkins, Guice,

       Amendment Law Clinic                 Noah & Perkins, L.L.P.

Address:  6329 Freret Street            Address:  1881 Hudson Circle

       New Orleans, La 70118               Monroe, La 71201

Telephone:   (504) 862-8813        Telephone:   (318) 324-0101