UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MAYA DETIEGE and DAYNE SHERMAN,<br><br>                                *Plaintiffs*<br><br>                          *v.*<br><br>KATRINA JACKSON, in her official and individual capacities,<br><br>                                *Defendant* | CIVIL ACTION NO.: 3:23-cv-175<br><br>JUDGE FOOTE<br><br>MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT KATRINA JACKSON**

Plaintiffs Maya Detiege and Dayne Sherman ("Plaintiffs") seek an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendant Katrina Jackson to comply with Federal Rules of Civil Procedure 33 and 34 by responding to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents. Jackson responded to Plaintiffs' discovery more than three months after it was originally propounded by Plaintiffs. Even after this delay, Jackson's responses were insufficient.

Plaintiffs particularly request Court intervention to require a response to the following:

1. Interrogatories Nos. 5-8, 10-12, and 16.

2. Requests for Production of Documents Nos. 1-4, 11, and 12.

## BACKGROUND

Plaintiffs Maya Detiege and Dayne Sherman filed a complaint against Jackson for violating their civil rights under the First Amendment of the United States Constitution. Jackson is a state senator in Louisiana. Plaintiffs allege that Defendant Jackson previously blocked and/or continues to block the Plaintiffs' respective Twitter accounts from viewing or interacting with her own Twitter account in retaliation for their criticism of her political views and policies.

On October 6, 2023, Plaintiffs, through their attorneys, served Defendant with Plaintiffs' First Set of Interrogatories and Requests for Production of Documents. Ex. A; Ex. B. The deadline to reply to the requests was November 6. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). The Defendant did not respond, nor did she provide any explanation for the delay.

On December 4, Plaintiffs sent an email and letter to Defendant's counsel, asking to meet and confer. Ex. C; Ex. D. Plaintiffs requested a response by December 8. On December 4, Defendant responded that discovery would likely be ready by the end of the week – in accordance with the December 8 deadline. Ex. E. On December 12, the Parties conferred about discovery via telephone. Plaintiffs were assured the responses would be sent within the next couple of days. They were not.

On January 18, 2024, Plaintiffs against requested the discovery responses. Ex. F. Plaintiffs advised that they would be filing a motion to compel if the responses were not sent in by January 24. On January 25 – after multiple months of delay – Defendant submitted the discovery responses. Ex. G; Ex. H; Ex. I.

The responses are insufficient, containing complete failures to respond and answers such as "Katrina checking." In a letter to meet and confer sent on January 31, Plaintiffs detailed what was wrong with the responses and requested a call on February 2 to meet and confer. Ex. J. On

the February 2 call, Defendant's counsel was unable to estimate when complete discovery would be produced. This Motion follows.

The Defendant has been given ample opportunity to respond to interrogatories and produce these documents. The scheduling order mandates discovery completion by March 22, 2024. Rec. Doc. 14. The delay and inadequacy of these responses will require an upset of the scheduling order. Plaintiffs have no way to estimate an alternative scheduling order because they have received no adequate discovery from Defendant. Defendant's delays additionally threaten to upset the trial date in this matter. Informal dispute resolution attempts have failed. Plaintiffs seek Court intervention.

## **ARGUMENT**

Plaintiffs are entitled to responses to the interrogatories and requests for production put forth in their First Set of Interrogatories and Requests for Production of Documents.

1. *Interrogatories Nos. 5, 6, 7, 8, 16*

In Interrogatory No. 5, Plaintiffs asked Defendant Jackson to identify all users blocked from her Twitter account prior to February 13, 2023. Ex. A at p. 4. This is the core factual issue in the case. Without responding with any specifics, Defendant claims she requested this information from Twitter. Similarly:

- Interrogatory No. 6 asked Defendant to identify all users she personally blocked. Ex. A. at p. 4.

- Interrogatory No. 7 asked Defendant to identify all users muted by her Twitter account prior to February 13, 2023. Ex. A. at p. 4.

- Interrogatory 8 asked Defendant to identify all users she personally muted on Twitter. Ex. A at p. 4.

3

- Interrogatory 16 asked for all phrases, words, topics, or hashtags the Defendant muted or blocked on Twitter. Ex. A at p. 6.

Defendant's response to Interrogatories Nos. 6, 7, 8 and 16 was "See answer to Interrogatory No. 5." Ex. H. at p. 2-3. But Interrogatory No. 5 did not provide an answer at all. These are not adequate responses to the Plaintiffs' requests.

Moreover, these responses do not represent a good faith attempt at compliance. Some of the information presumably is within the memory of the Defendant, but she provided not one example. Some of the information is currently available on Defendant's Twitter account – she simply did not look. Twitter allows users to request their own account data. This data shows a user's blocking and muting history. Defendant did not detail any steps she took to identify these blocked and/or muted users.

Defendant's answers to the aforementioned were "evasive or incomplete" disclosure, which must be treated as a "failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The request for this information was sent in October – Defendant had ample time to recall her Twitter history and/or look through her records in an attempt to recall this information. Defendant has not made a good faith attempt to provide adequate responses. Plaintiff asks this Court to compel Defendant to respond adequately and in good faith.

2. *Interrogatories Nos. 10, 11*

Interrogatory No. 10 asked Defendant to identify and describe any instructions, policies, or guidance for her staff regarding social media usage or communications from her and/or her office. Ex. A at p. 5. Interrogatory No. 11 asked Defendant to identify how staff are instructed to respond to public complaints and how they are trained to communicate with the public on social media sites. Ex. A at p. 5. The response to both of these replies was "not applicable." Ex. H at p.

4

4. The Federal Rules of Civil Procedure require an interrogatory to be "fully answered by the party or that objection to it and the grounds of objection be stated." *Dollar v. Long*, 561 F.2d 613, 617 (5th Cir. 1977); Fed. R. Civ. P. 33(b)(4). Here, Defendant did not object, and she did not respond fully. "Not applicable" does not adequately represent whether such documents really do not exist, or if they simply do not apply to what is being asked of Defendant here. If there are no instructions given to staff about social media usage, Defendant should have asserted that in her original response.

3. *Interrogatory No. 12*

Interrogatory No. 12 asked Defendant to identify all of the Twitter accounts she had ever used, including those for personal and official use. Ex. A at p. 5. Defendant replied, "See answer to Interrogatory No. 1." Ex. H at p. 4. Interrogatory No. 1 asked Defendant to identify anyone who is likely to have personal knowledge relating to the Complaint. The answer to Interrogatory 1 was "none other than Katrina Jackson and plaintiff." Ex. H at p. 1. This reply fails to answer the question, a violation of the Federal Rules. Fed. R. Civ. P. 37(a)(4).

4. *Request for Production No. 1*

Request for Production No. 1 asked Defendant to produce any documents relating to the Plaintiffs and relating to her Twitter exchange with the Plaintiffs. Ex. B at p. 4. Defendant replied "[n]one other than what has already been produced by plaintiff." Ex. I at p. 1. This answer is evasive and incomplete. It is unclear to what documents this response refers; Plaintiffs have not yet produced documents in discovery. Further, there are two Plaintiffs in this case – it is unclear as to which Defendant refers.

5

5. *Requests for Production No. 2-4*

Request for Production No. 2 asks Defendant to produce communications to any public relations firms regarding her social media accounts. Ex. B at p. 4. Request for Production No. 3 asks for communications to the public regarding Defendant's social media accounts. Ex. B at p. 4. Request for Production No. 4 asks Defendant to produce documents relating to a policy, practice, or guidelines for social media use. Ex. B at p. 4. The response to Request for Production No. 2 and No. 4 was "Katrina checking." Ex. I at p. 1-2. The response to Request for Production No. 3 was "Katrina getting." Ex. I at p. 2. All three replies are inadequate and incomplete. Defendant has had months to obtain this information but has yet to produce these documents. The Federal Rules state that the request must be answered within 30 days. Fed. R. Civ. P. 34(b)(2)(A). Not only has this rule been violated, but the Rules also state that the response must "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). There has been no objection or assertion that the inspection will be permitted. Plaintiffs are left unsure of when, if ever, they will receive this information in accordance with the well-established discovery rules.

6. *Request for Production No. 11*

Request for Production No. 11 asks Defendant to produce any and all documents showing the phrases she has blocked or muted on Twitter. Ex. B at p. 5. The Defendant's response was "[n]one in Respondent's possession." Ex. I at p. 4. Defendant did not attempt to make a good faith effort in responding to this request. This information is in her possession, as her muted and blocked phrases are visible in her Twitter account settings. Even still, surely the Defendant has

email, direct messages or other documents relating to blocking or muting on Twitter. As it stands, the Defendant did not attempt to find the answers to this request.

  7. *Request for Production No. 12*

Request for Production No. 12 asks the Defendant to produce any and all documents, communications, press releases, and/or press statements relating to this lawsuit. Ex. B at p. 6. The Defendant's response: "[r]espondent is still attempting to determine if any such documents exist." Ex. I at p. 4. This request, like the others, was sent in October, but Defendant still does not have answers as to whether the documents exist. Defendant had months to find this information. This request was not fully answered.

## **CONCLUSION**

The Defendant's delay will not only disrupt discovery deadlines; it threatens to disturb the trial date. This ordeal has wasted four months of the Plaintiffs' and counsel's time. The frustration caused by the Defendant's lack of responsiveness warrants an order in favor of the Plaintiffs.

Plaintiffs are entitled to an order compelling Defendant Katrina Jackson to deliver complete responses to the above referenced interrogatories under Fed R. Civ. P. 33(b)(3) and to produce the items in the above referenced requests for production under Fed. R. Civ. P. 34(b), both of which were submitted to the Defendant in Plaintiffs' First Set of Interrogatories and Requests for Production of Documents. Additionally, pursuant to Fed. Civ. P. 37(a)(5)(A), Plaintiff seeks reasonable expenses incurred in making this motion, including attorney fees.

Respectfully submitted:

/s/ *Virginia Hamrick*
Katie M. Schwartzmann La Bar No. 30295
Virginia Hamrick La Bar No. 40392
Gabriela Chilingarova, Student Attorney
Bailey Casteel, Student Attorney
Tulane First Amendment Law Clinic
6329 Freret Street, Suite 130
New Orleans, La 70118
kschwartzmann@tulane.edu
o: (504) 862-8813

*Attorneys for Plaintiffs*