UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MAYA DETIEGE, DAYNE SHERMAN<br><br>*Plaintiffs*<br>v.<br><br>KATRINA JACKSON, in her official and individual capacities,<br><br>*Defendant* | CIVIL ACTION NO.: 3:23-cv-175<br><br>JUDGE WALTER<br><br>MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' SECOND AND THIRD SETS OF REQUESTS FOR ADMISSION, SECOND SET OF INTERROGATORIES, AND THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT KATRINA JACKSON

Plaintiffs Maya Detiege and Dayne Sherman seek an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendant Katrina Jackson to comply with Federal Rules of Civil Procedure 33, 34, and 36 by responding to Plaintiffs' Second and Third Sets of Requests for Admission, Second Set of Interrogatories, and Third Set of Requests for Production. Additionally, Plaintiffs request expedited consideration of this motion due to the impending dispositive motion deadline in this case of December 4, 2024. R. Doc. 29.

## BACKGROUND

Plaintiffs Maya Detiege and Dayne Sherman filed a complaint against Jackson for violating their civil liberties under the First Amendment of the United States Constitution. R. Doc. 19. Jackson is a state senator in Louisiana. Plaintiffs allege that Jackson previously blocked and/or

1

continues to block the Plaintiffs' respective Twitter accounts from viewing or interacting with her own Twitter account in retaliation for their criticism of her political views and policies.

Plaintiffs, in good faith, have been pursuing discovery with Jackson for over a year. Defendant has continuously produced deficient responses and missed response deadlines. R. Doc. 23. This Court has already ruled on a Motion to Compel ordering Defendant to produce supplemental responses and pay Plaintiffs' attorney's fees. R. Doc. 32.

Plaintiffs delayed deposing Defendant Jackson to accommodate her legislative schedule. Exhibit 10, p. 3-5. Defendant Jackson's legislative session concluded on June 3. Exhibit 10, p. 3. Plaintiffs immediately began attempting to schedule Defendant's deposition. Ex. 10, p. 7. Plaintiffs sought to schedule the deposition in July, to allow time to follow up with further discovery or file any enforcement motions prior to the close of discovery on October 28. Ex. 10, p. 6. Plaintiffs offered multiple dates in July and early August to depose Defendant. Ex. 10, p. 6. Defendant insisted she had no availability until the last week of August. Exhibit 10, p. 5. Plaintiffs explained, again, that they needed to depose Defendant earlier because the close of discovery on October 28 and the lack written discovery already produced by Defendant. Exhibit 10, p. 3. Defendant insisted on a later deposition date but committed to working with Plaintiffs to ensure compliance with the close of discovery. Exhibit 10, p. 11. This commitment was also expressed during phone calls between Plaintiffs' and Defendant's counsel. With this express assurance of cooperation, Plaintiffs consented to deposing Defendant on September 18. Exhibit 10, p. 1.

During the deposition, Defendant disclosed facts related to her experience in the legislature, her Twitter usage, and communications related to this lawsuit that are critical to Plaintiffs' claims. She also claimed she could not remember making **any** of the numerous Tweets that she was questioned about. After the deposition, Plaintiffs informed Defendant that her

2

inability to verify any of her own Tweets during the deposition was going to force Plaintiffs to propound additional Requests for Admission, seeking her admission that she had made the Tweets in question. Exhibit 5. Plaintiffs also notified Defendant they would be propounding additional discovery requests to obtain more specific responses to some of the facts disclosed during the deposition. Exhibit 5. Plaintiffs also asked that Defendant provide responses by October 15, in anticipation of having to follow up on her responses. Exhibit 5. Plaintiffs explained that because of Defendant's unavailability for the deposition until late September, Plaintiffs were now operating under a very compressed timeline. Exhibit 5. Plaintiffs reminded Defendant of her previous assurance to cooperate in expedited discovery. Exhibit 5. Defendant acknowledged this email and propounded Defendant's own Interrogatories and Requests for Production to Plaintiffs. Exhibit 5.

On September 25, following up on facts raised in the Senator's deposition, Plaintiffs propounded Plaintiffs' Second Set of Requests for Admission, Second Set of Interrogatories, and Third Set of Requests for Production on Defendant. Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4. Plaintiffs asked Defendant to respond by October 9. Exhibit 1. Defendant did not respond or acknowledge receipt of the requests. On October 4, Plaintiffs propounded a Third Set of Requests for Admission. Exhibit 6, Exhibit 7. In that email, Plaintiffs requested that Defendant respond within 15 days, by October 19. On October 14, Plaintiffs reached out to Defendant to inquire about the responses due. Exhibit 8. Defendant did not respond. Plaintiffs again followed up on October 16. Exhibit 8. Defendant did not respond. Again, on October 18 Plaintiffs reached out, notifying Defendant that they would begin drafting a motion to compel. Exhibit 8. On an October 18 phone call, Defendant was unable to provide Plaintiffs with an estimated time for discovery to be produced. On Monday, October 21, Plaintiffs sent Defendant a deficiency letter, noticing of

their intention to file a motion to compel if Defendant did not produce responses by end of day on Tuesday, October 22. Exhibit 9.

Defendant has refused to comply with discovery response deadlines throughout this litigation. Rec. Doc 23-1. Defendant's delay and insufficient responses have already upset Plaintiffs' ability to litigate this case. Plaintiffs delayed deposing the Defendant to accommodate her schedule, with the express understanding that Defendant would cooperate with expedited discovery. Despite assurances of professional courtesy, Defendant has failed to respond to requests and communicate with Plaintiffs. Plaintiffs now face a rapidly impending close of discovery deadline, as well as a dispositive motion deadline. Informal dispute resolutions have failed. Plaintiffs seek Court intervention.

## ARGUMENT

Plaintiffs are entitled to responses the interrogatories set forth in their Second and Third Sets of Requests for Admission, Second Set of Interrogatories, and Third Set of Requests for Production.

1. *Requests for Admission Nos. 26-30*

Requests for Admission Nos. 26-30 seek an admission of the authenticity of data obtained by Jackson from Twitter for the purposes of this litigation. Because of Jackson's inability to remember making **any** of the Tweets that Plaintiffs seek to use as evidence in this case, Plaintiffs are forced to rely on metadata requested by Jackson from Twitter. This metadata details Jackson's Twitter use, including all of her tweets.

Under FRCP 36(a)(3), requests for admission must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response

time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

   2. *Requests for Admission Nos. 31-187*

Requests for Admission Nos. 31-187 all relate to specific Tweets from Jackson's Twitter account or Tweets related to Jackson's Twitter account. Because of Jackson's inability to remember making **any** of her own Tweets or interactions with other Twitter users, Plaintiffs are forced to ask Jackson to stipulate to the fact that (1) the Tweets came from her account (2) the Tweets are genuine and authentic and (3) the Tweets are admissible. All of these Tweets are either contained in Jackson's Twitter Metadata or available for her to view online.

Under FRCP 36(a)(3), requests for admission must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 and 15 days, with responses due October 15 and 19. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

   3. *Interrogatories Nos. 18 and 19*

Plaintiffs ask Defendant to identify and describe every committee and task force she served on as Louisiana state senator or state representative.

During Defendant's deposition, Plaintiffs asked Defendant about committees and task forces served on. Defendant could not remember specifics but assured Plaintiffs she would provide the information. Under FRCP 33(b)(2) interrogatories must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

4. *Interrogatory No. 20*

Plaintiffs asked Defendant to identify all ISP addresses for all electronic devices from 2012 to present to access Twitter.

During Defendant's deposition, Plaintiffs asked whether Defendant used government-issued devices to access her Twitter account. This information is crucial to Plaintiffs' claims. Under FRCP 33(b)(2) interrogatories must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

5. *Interrogatory No. 21*

Plaintiffs ask Defendant to "identify and describe all communications between you and anyone from Tulane University or Tulane University Law School related to this case from February 9, 2023, to present."

During the deposition, Plaintiffs asked Defendant about contact she made to officials at Tulane University regarding this litigation. Defendant said that she remembered contacting Tulane but could not remember any specifics of the phone call, such as who she called, when she called, or the specifics of what was discussed. Under FRCP 33(b)(2) interrogatories must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

6. *Interrogatory No. 22*

Plaintiffs ask Defendant to "identify any Louisiana legislative offices and/or employees who created or helped you create graphics or images published on social media." During the

deposition, Defendant revealed that staff of a legislative office assist Defendant in creating graphics that she then posts on social media. Defendant could not recall the specific names of the legislative office, staff, or specifics of what graphics were created by which assistants. This information is certainly knowable to Defendant through a simple email or phone search. Plaintiffs need the identity of these aids question and potentially subpoena and depose them as fact witnesses. Under FRCP 33(b)(2) interrogatories must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

7. *Interrogatory No. 23*

Plaintiffs ask Defendant to "identify all persons who have been employed by you or employed to assist you from 2012 to present, including all law office staff, personal staff, and legislative staff/ aides." During the deposition, Defendant disclosed that certain members of her staff assist her in communications with the public and in making graphics for her Tweets, but she only gave Plaintiffs two names. Plaintiffs need the identity of these staffers to question and potentially subpoena and depose them as fact witnesses. Under FRCP 33(b)(2) interrogatories must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

8. *Interrogatory No. 24*

Plaintiffs ask Defendant to "identify every speaking engagement at which you spoke outside of the geographical bounds of District 34 since 2013." During the deposition Plaintiffs asked Defendant about her experience as a public figure outside of District 34. Defendant could

not remember specifics. This information is certainly knowable to the Defendant through a searh of her email, calendars, schedules, and so forth. Under FRCP 33(b)(2) interrogatories must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

9. *Requests for Production Nos. 14 and 15*

Requests for Production Nos. 14 and 15 request documents showing the committees and task forces that Defendant has served on as a legislator. During the deposition, Defendant was only able to name some of the committees and task forces that she has served on. She assured Plaintiffs she would provide the information. Under FRCP 34(b)(2)(A), requests for production must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

10. *Requests for Production No. 16*

This request seeks documents pertaining to Plaintiff Detiege received by Defendant prior to the filing of this lawsuit. Under FRCP 34(b)(2)(A), requests for production must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

11. *Request for Production No. 17*

This request seeks emails related to blocking or accessing Defendant's social media accounts. During the deposition, Defendant claimed that she tells people that if they want to be unblocked they can email her, but she could not remember if anyone ever had done so. Under

FRCP 34(b)(2)(A), requests for production must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

12. *Request for Production No. 18*

This request seeks a copy of Defendant's email database. Under FRCP 34(b)(2)(A), requests for production must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

13. *Request for Production No. 19*

This request seeks documents related to Interrogatory No. 21, which asked Defendant to identify communications with Tulane University about this lawsuit. During the deposition, Plaintiffs asked Defendant about contact she made to officials at Tulane University regarding members of Plaintiffs' counsel. Defendant said that she remembered contacting Tulane but could not remember any specifics of the communication. Under FRCP 34(b)(2)(A), requests for production must be answered within 30 days of service or within a shorter or longer time stipulated by the parties. This information is readily obtainable by searching all of the Defendant's email accounts for any email to @tulane.edu, and otherwise. Here, Parties stipulated to a response time of 20 days, with responses due October 15. Defendant has produced no responses. Plaintiffs ask this Court to compel Defendant to respond.

## CONCLUSION

Plaintiffs respectfully ask this Court for expedited consideration of this Motion so that they may continue to pursue discovery in this case. Defendant's delay has hindered Plaintiffs' ability to litigate this case and threatens to disrupt the discovery deadline. The frustration caused by Defendant's lack of responsiveness warrants an order in favor of Plaintiffs. Plaintiffs are entitled to an order compelling Defendant Katrina Jackson to deliver complete responses to the above referenced Requests for Admission, Interrogatories, and Requests for Production under the Federal Rules of Civil Procedure. Additionally, pursuant to Fed. Civ. P. 37(a)(5)(A), Plaintiffs seeks reasonable expenses incurred in making this motion, including attorneys' fees.

Respectfully submitted:

/s/ *Virginia Hamrick*
Katie M. Schwartzmann, La Bar No. 30295
Virginia Hamrick, La Bar No. 40392
Alex Crow, Student Attorney
Landon Pettigrew, Student Attorney
Tulane First Amendment Law Clinic
6329 Freret Street, Suite 130
New Orleans, La 70118
kschwartzmann@tulane.edu
vhamrick@tulane.edu
o: (504) 862-8561