UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**MAYA DETIEGE, ET AL.**            **CIVIL ACTION NO. 3:23-0175**

**VERSUS**            **JUDGE DONALD WALTER**

**KATRINA R. JACKSON**            **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Compel[1] [doc. #36] filed by Plaintiffs Maya Detiege and Dayne Sherman (collectively "Plaintiffs"). Defendant Katrina R. Jackson ("Jackson") opposed the motion. [doc. #40]. Plaintiffs filed a reply [doc. #41] and Amended Reply [doc. #44]. Because of the upcoming dispositive motion deadline, Plaintiffs sought and obtained expedited consideration.[2] [doc. #39].

For the following reasons, the Motion to Compel is GRANTED IN PART and DENIED IN PART.

**Discussion**

**I.**      **Background**

Jackson is a Democrat and member of the Louisiana State Senate, serving the 34th

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] While it was my intent to give this motion true "expedited" consideration, an unusually large number of criminal matters had to be resolved in the meantime. Nevertheless, any potential prejudice to Plaintiffs is addressed by the outcome set forth herein.

District. [doc. #19, ¶ 16]. She is also a licensed attorney. *Id.* Prior to her election to the state senate, Jackson served in the Louisiana House of Representatives. *Id.* at ¶ 17. Jackson maintains a Twitter (now known as X) account which she uses to tweet and engage with other users. *Id.* at ¶¶ 19-21. Jackson's profile is public, and her profile photo and cover photo represent her in her official capacity as a state senator. *Id.* at ¶¶ 22, 23 & 25.

Plaintiff Maya Detiege ("Detiege") is a resident of New Orleans, Louisiana. *Id.* at ¶ 5. Plaintiff Dayne Sherman ("Sherman") is a resident of Tangipahoa Parish, Louisiana. *Id.* at ¶ 6. Both are politically active, enjoy civic engagement and public debate, and are frequent users of Twitter where they express their opinions about Louisiana politics. *Id.* at ¶¶ 7-11.

On or around April 5, 2013, Sherman and Jackson, along with other Twitter users, engaged in discussion of legislation sponsored by Jackson, a state representative at the time. *Id.* at ¶ 33. HB 660 would have created a process for public elementary and secondary schools to begin the school day with reciting the Lord's Prayer. *Id.* After continued interactions over the bill and Sherman's continued expressed opinion that the bill would be unconstitutional, Jackson blocked Sherman from accessing her Twitter profile. *Id.* at ¶¶ 34-39.

After the Supreme Court's decision overturning *Roe v. Wade*, in 2022, Jackson sent out a tweet reflecting her anti-abortion stance. *Id.* ¶¶ 41-42. Jackson, along with other Louisiana senators, authored SB 342, a law amending Louisiana's trigger law for abortion. *Id.* at ¶43. Jackson posted an image to her account on June 26, 2022, indicating that the bill would make abortions in Louisiana illegal unless the birth threatened the life of the mother. *Id.* at ¶ 44. Jackson then praised her own role with the text of the image, stating "THANK YOU, SEN. JACKSON & GOV. EDWARDS, FOR AUTHORING AND SIGNING SB [342] TO IMPROVE THE '06 'TRIGGER LAW' & PROTECT WOMEN!" *Id.* at ¶45. Detiege disagreed with

2

Jackson's position and policies on abortion and sent her own tweet out, quoting Jackson's tweet and graphic and stating, "I say this with all disrespect: burn in hell. You don't care about women. You don't care about pregnant people. You don't care about children. You don't care about education. I do not respect all black women. Some of you bitches are very dumb." *Id.* at ¶¶ 46-47. After engagement with Detiege and another user, Jackson permanently blocked Detiege from accessing her public Twitter profile. *Id.* at ¶¶ 48-54.

Plaintiffs contend that they were engaged in political speech that is protected by the First Amendment, that Jackson's Twitter account is a public forum, and that Jackson violated those rights by blocking them. *Id.* at ¶¶ 76-84. They further contend that Jackson acted under color of state law, that she engaged in censorship based on content, that she had no compelling or important interest in blocking users engaged in lawful speech, that her censorship is not narrowly or sufficiently tailored to achieve any compelling or important government interest, and that her censorship chills speech. *Id.* at ¶¶ 79-83.

Plaintiffs seek declaratory and injunctive relief, nominal and compensatory damages, attorney's fees and costs, and any other relief the Court deems just and equitable.

This case is currently set for a bench trial before Judge Donald Walter on April 9, 2025. Although the case was filed in 2023, there was a substantial delay, at the request of the parties, to allow for a ruling by the United States Supreme Court on a pair of cases pertinent to Plaintiffs' claims against Jackson. The Supreme Court had granted certiorari to resolve a Circuit split about how to identify state action in the context of public officials using social media. *See O'Connor-Ratcliff v. Garnier*, 601 U.S. 205, 208 (2024).

In March 2024, the Supreme Court issued decisions in *Lindke v. Freed,* 601 U.S. 187 (2024), and *O'Connor-Ratcliff v. Garnier,* 601 U.S. 205 (2024). In *Lindke,* Freed, the City

3

Manager for Port Huron, Michigan, had a public Facebook page which he used to make both personal posts and posts related to his job. Lindke, a Facebook user, commented on some of Freed's posts, expressing his displeasure with the City's approach to the pandemic. After Freed deleted his comments and ultimately blocked him from commenting at all, Lindke brought suit under 42 U.S.C. § 1983 for violations of his First Amendment rights. 601 U.S. at 192-193.

In *O'Connor-Ratcliff*, the Garniers were parents who had children in the Poway Unified School District ("PUSD"). O'Connor-Ratcliff and another person, T.J. Zane, ("the Trustees") sought and obtained election to the Board of Trustees for the School District. They created Facebook pages for campaigning and issues related to PUSD and then, after winning election, continued to use their pages to post PUSD-related content, to solicit feedback, and communicate with constituents. O'Connor-Ratcliff also created a public Twitter page, which she used in much the same way. After the Garniers posted lengthy and repetitive comments on the Trustees' social-media posts, the Trustees deleted the comments before blocking them from commenting altogether. The Garniers brought suit against the Trustees under 42 U. S. C. § 1983, also alleging violations of their First Amendment rights.

Considering *Lindke* first, the Supreme Court held unanimously that "the state-action doctrine requires Lindke to show that Freed (1) had actual authority to speak on behalf of the State on a particular matter, and (2) purported to exercise that authority in the relevant posts." *Lindke,* 601 U.S. at 204.[3] The Supreme Court then remanded both cases for application of this standard. *Id.; see also O'Connor-Ratcliff,* 601 U.S. at 208.

---

[3]The Supreme Court recognized that a page with a label or disclaimer that it is personal would carry with it a "heavy (though not irrebuttable) presumption" that the posts are personal, but pages purporting to speak for the government (e.g., a "City of Port Huron" Facebook page) would be more likely to be viewed as a public page. 601 U.S. at 202. However, "[c]ategorizing

4

These decisions inform the undersigned's ruling on the pending Motion to Compel

### A. Motion to Compel Standard of Review

The Federal Rules of Civil Procedure empower parties to serve interrogatories on other parties that relate to any matter that may be inquired into under Rule 26(b). FED. R. CIV. P. 33(a)(2). Relatedly, "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . or any designated tangible things" that are within the "party's possession, custody, or control . . ." FED. R. CIV. P. 34(a)(1)(A) & (B).

Under Rule 26(b),

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id.* at 26(b)(1). The rule is understood to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

A party normally has 30 days to respond to a discovery request, absent the stipulation of the parties or an order of court. *See* FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A). If a party, *inter alia*, fails to answer an interrogatory or fails to produce requested documents in the time allowed, the party seeking discovery may move for an order compelling an answer,

---

posts that appear on an ambiguous page . . . is a fact-specific undertaking in which the post's content and function are the most important considerations." *Id.* at 203.

production, or inspection. *Id.* at 37(a)(3)(B)(iii-iv). An evasive or incomplete answer or response is treated as a failure to answer or respond. *Id.* at 37(a)(4).

Additionally, under Rule 36, a party may serve written requests for admissions on an opposing party. FED. R. CIV. P. 36(a)(1). If a party served with written requests for admission fails to respond within thirty days, the requests are deemed admitted. FED. R. CIV. P. 36(a)(3); *see also Yinerson, LLC v. Farmers Rice Milling Co., LLC*, No. CV 19-00407-BAJ-EWD, 2022 WL 3704147, at *2 (M.D. La. July 27, 2022) ("Rule 36 is unambiguous regarding the consequences of failing to respond to a request for admission: absent a timely response, '[a] matter is admitted.'"). Any matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdraw or amended." FED. R. CIV. P. 36(d).

Under Rule 37(a)(5)(A), the movant may obtain "reasonable expenses," including attorney's fees, if a motion to compel is granted or if the requested discovery or disclosure "is provided after the motion was filed." The rule provides that the Court, after providing an opportunity for the non-movant to be heard, must order "the party or attorney advising [the] conduct, or both to pay" the expenses unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

**B. Analysis**

Plaintiffs filed their Motion to Compel on October 23, 2024, seeking to compel Jackson to respond to their outstanding second set of interrogatories, third set of requests for production, and second and third set of requests for admissions. Jackson's deposition was taken over a seven-hour period on September 18, 2024, and, thereafter, Plaintiffs propounded additional

6

discovery requests to Jackson on September 25, 2024. Any responses were due by October 25, 2024, two days *after* Plaintiffs filed the instant motion.

Based on correspondence attached to their motions, Plaintiffs requested that Jackson respond by October 9, 2024. Plaintiffs' counsel then emailed Jackson's counsel on October 14 and 16, 2024. Counsel spoke by telephone on October 18, 2024. Then, in an October 21, 2024 letter, Plaintiffs' counsel sought a response by the end of the day, October 22, 2024. When the response was not received, they filed the instant motion, seeking responses and attorneys' fees and costs. They also sought expedited consideration on the basis that the dispositive motion deadline is December 4, 2024, which the Court granted. [doc. #39].

On November 1, 2024, Jackson filed an opposition to the Motion to Compel, demonstrating that she has responded to the discovery and asking that the Court deem her responses good and sufficient and to deny the motion. [doc. #40].

In their reply, Plaintiffs request that this Court compel Jackson to supplement her responses to Plaintiffs' Second Set of Interrogatories and Third Set of Requests for Production of Documents. [doc. #41]. They also request attorneys' fees, pursuant to Rule 37(a)(5)(A).

In an Amended Reply [doc. #44], Plaintiffs explain that they have learned that Jackson can search older Twitter posts by way of an advanced search and move the Court for an order compelling her to respond to certain of their requests for admission.

**1. Requests for Admission and Certain Interrogatories and Requests for Production**

First, to the extent that Plaintiffs seeks responses to their second and third set of requests for admission, other than those pertaining to the advanced search of Twitter, they apparently concede that the responses provided on November 1, 2024, are sufficient. Likewise, in their Reply, Plaintiffs no longer seek responses to Interrogatory No. 21, and Requests for Production

7

Nos. 16, 17, and 19. Further, it is noted that Jackson has produced ALL meta-data concerning her Twitter account usage and that meta-data was turned over in August, as soon as Twitter made it available to her. Accordingly, IT IS ORDERED that the motion is DENIED AS MOOT as to requests for admission, other than the advanced search of Twitter; Interrogatory No 21, and Requests for Production Nos. 16, 17, and 19.

### 2. Requests for Admission Pertaining to the Advanced Search of Twitter

With the Amended Reply [doc. #44] that was filed today, Plaintiffs contend that Jackson's Responses to certain of the Requests for Admission are deficient because she can access older Twitter posts by using an advanced search method. In light of this new information, IT IS ORDERED that no later than fourteen (14) days from the date of this Memorandum Order, Jackson must have conducted the advanced search and supplemented her response to the pertinent Requests for Admission. If she maintains objections, other than her inability to obtain the requested information, she may re-assert those objections.

### 3. Interrogatories

The parties remain in conflict as to certain interrogatories and requests for production. The undersigned will address each in turn.

#### a. Interrogatory No. 18

Interrogatory No. 18 provides as follows:

> Identify and describe every committee you served on as Louisiana state senator or state representative. For every committee identified, please include the dates served and any leadership position held. For purposes of this interrogatory, committee shall include subcommittees.

In response, Jackson objected on the bases that the information sought is not readily available to her and the request constitutes an overly broad, unduly burdensome inquiry that is not calculated to lead to the discovery of admissible evidence. Without waiving her objection, Jackson

8

provided a listing of the current committees on which she serves, along with a description of the committees' purposes.

Plaintiffs contend that their counsel ask Jackson during her deposition about committees and task forces she had served on during her legislative career. Jackson said she could not remember specifics, but they further contend that she assured Plaintiffs she would provide the information. Instead of providing the information, she produced a limited list that includes only the committees and task forces on which she currently serves. The information as to which committees Jackson has served on is relevant to demonstrate the statewide nature of her role and her history of leadership on matters affecting all Louisianians. Because she could not recall this information at deposition, and it is information within her possession, they argue that she must produce it.

Jackson responds that she answered detailed questions on this subject to the best of her ability in deposition. Jackson has now answered these interrogatories and provided a list of the committees on which she currently serves; these responses should be deemed sufficient.

First, the undersigned notes that Plaintiffs do not have to show that the discovery sought is "reasonably calculated to lead to admissible evidence" since the 2015 amendments to the Federal Rules of Civil Procedure. *See Dixon v. Spurlin,* No. 1:18-CV-00133, 2020 WL 6707325, at *8–9 (W.D. La. Nov. 13, 2020) (extensively discussing the standard to be employed since the 2015 amendments). Rather, as my colleague notes in *Dixon:*

> . . . what is relevant still eludes us to this point. But in the aggregate, Rule 26, court decisions, and common-sense notions of fairness provide enough guidance. At the outset, relevant evidence must pertain to a claim or a defense under Rule 26. When a plaintiff seeks discovery then, a court may look to the substantive law underlying a plaintiff's claims to define relevance. Only then can a court ask how pertinent disclosure of evidence may be, or how burdensome its production may be.

2020 WL 6707325, at *9.

In this case, Plaintiffs' interrogatory seeks the name of every committee on which Jackson has served ever, as a representative or senator. They contend that this information is relevant to demonstrate "the statewide nature of her role and her history of leadership on matters affecting all Louisianians." While Jackson has raised objections to this discovery, and the undersigned has some reservations as to whether Plaintiffs are entitled to all of the discovery sought, it appears from Jackson's response to Request for Production No. 15, she may have voluntarily agreed to provide information from the Senate. It would seem inconsistent for Jackson to request this information as to task forces and select committees, but not as to committees and subcommittees. Therefore, to the extent that she voluntarily agreed to provide any of the information or documentation sought as to Interrogatories Nos. 18 and 19 and Requests for Production 14 and 15, IT IS ORDERED that the Motion to Compel is GRANTED, and she must do so no later than fourteen (14) days from the date of this Memorandum Order.[4]

b. **Interrogatory No. 19**

Interrogatory No. 19 provides as follows:

> Identify and describe every task force and select committee you have served on as a Louisiana state senator or state representative. For every task force and select committee so identified, please include the enabling document describing the work of the task force or select committee, dates served, and any leadership position held.

In response, Jackson objected on the bases that the information sought is not readily available to her and the request constitutes an overly broad, unduly burdensome inquiry that is not calculated to lead to the discovery of admissible evidence. Without waiving her objection, Jackson

---

[4] At the least, Plaintiffs are entitled to obtain this information as to committees and subcommittees on which Jackson served during 2012 and 2013 and 2022-2023, the approximate time period during which she engaged with Plaintiffs on her Twitter account.

attached a listing of the current task forces and select committees on which she serves, along with a description of the task forces' and select committees' purpose.

During Jackson's deposition, Plaintiffs asked her about committees and task forces she had served on during her legislative career. Jackson testified that she could not remember specifics but assured Plaintiffs she would provide the information. Instead, she has produced a limited list that includes only the committees and task forces on which she currently serves. The information as to which committees Jackson has served on is relevant to demonstrate the statewide nature of her role and her history of leadership on matters affecting all Louisianians. Because Jackson was unable to recall this information at deposition, and it is information within her possession, she must produce it.

Jackson replies that the discovery motion seeks information not readily available to Jackson, and constitute an overly broad, unduly burdensome inquiry that is not calculated to lead to the discovery of admissible evidence. Jackson answered detailed questions on this subject to the best of her ability in deposition. Jackson has now answered these interrogatories and provided a list of the committees on which she currently serves. She contends that these responses should be deemed sufficient.

Consistent with the prior ruling and for the reasons stated, IT IS ORDERED that Plaintiffs' Motion to Compel is GRANTED as to Interrogatory No. 19. If Jackson voluntarily agreed to provide information from the Senate sought as to Interrogatories Nos. 18 and 19 and Requests for Production 14 and 15, she must do so no later than fourteen (14) days from the date of this Memorandum Order. [5]

---

[5] At the least, Plaintiffs are entitled to obtain this information as to task forces and select committees on which Jackson served during 2012 and 2013 and 2022-2023, the approximate time period during which she engaged with Plaintiffs on her Twitter account.

**Interrogatory No. 20**

Interrogatory No. 20 provides as follows:

Identify all ISP addresses for all electronic devices used by you from 2012 to present to access Twitter. For each ISP address, please identify the device to which it corresponds, and state whether the device is your personal phone, law firm equipment, Senate desktop or laptop, and/or other description allowing Plaintiffs to identify which ISP address corresponds to which device.

In response, Jackson objected that Interrogatory No. 20 is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Jackson further objected that Interrogatory No. 20 is vague because it is unclear to what the term "ISP address" refers. If Plaintiffs seek the unique string of characters identifying an electronic device using the internet, Jackson contends that most of the information sought is unavailable to her, given the rate at which electronic devices evolve and are replaced, and the time frame for which the information is sought. She does not keep a record of the IP addresses for each device in her possession.

Plaintiffs acknowledge that Jackson may not be able to produce the IP addresses of electronic devices she no longer has in her possession, but she should be able to produce information on the devices she currently uses, including a district office desktop computer, a chamber laptop, another work laptop, an iPhone, and an iPad Pro. They contend that the information is easily located, not burdensome, and highly relevant to Plaintiffs' claims.

The undersigned fails to see how IP addresses for current electronic devices will shed any light on what Jackson posted in 2013 or 2022, the times during which she interacted with Plaintiffs. Plaintiffs had the opportunity to depose Jackson and presumably inquire into whether she used personal or public resources to post to Twitter. Regardless, the source of her posting does not affect the characterization of the post itself. If Jackson used her State-provided computer to post

12

on a matter of personal interest, that source does not change the nature of the post. Likewise, if she used her personal cell phone to post on a matter of public interest (and on which she had actual authority to post), the source of the post does not render it personal. IT IS ORDERED that the Motion to Compel is DENIED as to Interrogatory No. 20.

### c. Interrogatory No. 22

Interrogatory No. 22 provides as follows:

> Identify any Louisiana legislative offices and/or employees who created or helped you create graphics or images published on social media. For every individual so identified, please state:
>
> a. Name
> b. Place of employment
> c. Job title
> d. Job description
> e. Specific graphics and images with which that person assisted, identified by date of graphic and platform on which it was shared.

In response, Jackson answered that she creates most of her own graphics, but provided information with regard to Terisa Tran, her Legislative Assistant in Monroe, who has helped her on occasion. She does not have a list of the graphics Tran created. Additionally, Jackson responded that the Communication Office at the Louisiana State Capitol has created graphics for her on a few occasions, but does not know the individual names of these persons or have a means to identify the specific graphics created by these individuals. She argues that her responses are sufficient with regard to Interrogatory No. 22.

Plaintiffs argue that Jackson's response is incomplete and evasive. They contend that they do not seek a list of graphics created by Tran, but rather that Jackson should search her email history and "identify all graphics created by Tran." [doc. #41 , p. 3]. Additionally, Plaintiffs argue that Jackson has available to her the names of legislative staffers with whom "she must have [had]

13

communications . . . pertaining to the creation of the graphics." *Id.* They further asked that Jackson confirm that Tran and the LCO staff are the only individuals to create graphics at any time "(i.e., that her prior legislative assistants did not)." *Id.*

IT IS ORDERED that the Motion to Compel is DENIED as to Interrogatory No. 22. To the extent that Plaintiffs seek information about graphics pertinent to their own interactions with Jackson, they had the opportunity to inquire at her deposition. Otherwise, she has responded to this interrogatory and provided information as to who has, "on occasion," assisted in the creation of graphics, but is clear that she creates most of her own graphics. That response, along with other information already provided in discovery, including during her deposition, is sufficient.

### d. **Interrogatory No. 23**

Interrogatory No. 23 provides as follows:

> Identify all persons who have been employed by you or employed to assist you from 2012 to present, including all law office staff, personal staff, and legislative staff/aides. For each such individual, please state:
>
> (a)  Name
> (b)  Place of employment
> (c)  Job title
> (d)  Job description
> (e)  Dates of employment
> (f)  All contact information you have for that individual, including email address, physical address, and all phone numbers.

In response, Jackson objected to Interrogatory No. 23 as overly broad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. She explains further that her law office employees conduct no work with regard to her role as a state senator, do not access her Twitter account, and have never conducted senate business.

14

Nevertheless, she provided the information for Tran and another employee, Sharon Duncan. She contends that her response is sufficient.

Plaintiffs argue that documents produced by Jackson identify two more legislative assistants, Sierra Evans and Tina Mansfield, that Defendant failed to name, and "presumably there are others." They asked that all information requested be provided for any other legislative assistants. Plaintiffs request information for all staff because this case is about Jackson's social media blocking, and those individuals may have discoverable information.

IT IS ORDERED that Plaintiffs' Motion to Compel is GRANTED IN PART AND DENIED IN PART as to Interrogatory No. 23. Within fourteen (14) days of the date of this Memorandum Order, Jackson shall provide a response, either providing the names of any legislative assistants and other information requested as to those persons she failed to identify **or** confirming that Plaintiffs have now received or obtained the names and other requested information as to all legislative assistants during the relevant period. The motion is otherwise DENIED.

### e. Interrogatory No. 24

Interrogatory No. 24 provides as follows:

Identify every speaking engagement at which you spoke outside of the geographical bounds of District 34 since 2013. For every engagement so identified please state:

(a) Location of the event
(b) Name or description of the event
(c) Name of organization hosting or sponsoring the event
(d) Description of your remarks

Jackson objected to Interrogatory No. 24 as overly broad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Jackson provided testimony in deposition regarding certain

speaking engagements she participated in outside the geographical bounds of District 34. She contends that she has sufficiently responded to this interrogatory.

Plaintiffs argue that in her deposition Jackson testified that she had spoken in New York, California, and Virginia but that she could not remember others. As she has record of these speaking engagements, Plaintiffs contend that she could access those records to refresh her memory, including communications and travel arrangements.

IT IS ORDERED that the Motion to Compel is GRANTED as to Interrogatory No. 24. To the extent that Jackson has not done so and can either remember or has records to refresh her recollection, she must provide that information within fourteen (14) days of the date of this Memorandum Order. If Jackson is unable to remember or to locate records to refresh her recollection, she must respond by the same date stating the results of her search.

**4. Requests for Production**

    a. **Request for Production No. 14**

Request for Production No. 14 provides as follows:

> Produce all documents sufficient to show all committees and subcommittees on which you have served as a Louisiana state senator or representative and all leadership positions held on such committees and subcommittees.

Jackson objects to Request for Production No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Jackson provided a listing of the current committees on which she serves, along with a description of the committees' purpose.

Plaintiffs argue that, at her deposition, Jackson agreed to provide information on committees and task forces on which she had served, but has produced a limited list including only the committees and task force on which she currently serves.

With regard to Request for Production No. 15, Jackson indicates that she has requested the information from the Senate and agreed to provide it. It is unclear whether she has also requested the same information as to Request for Production No. 14. To the extent that Jackson has voluntarily agreed to provide the requested documentation, IT IS ORDERED that the Motion to Compel is GRANTED, and she must do so within fourteen (14) days of the date of this Memorandum Order.[6]

### b. Request for Production No. 15

Request for Production No. 15 provides as follows:

> Produce all documents sufficient to show all task forces and select committees on which you served as a Louisiana state senator or representative and all leadership positions held on such task forces and select committees.

Jackson objects to Request for Production No. 15 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Jackson requested this information from the Senate and will provide the information when received; task forces are mostly temporary committees, and she wants to ensure her response is accurate.

Plaintiffs ask that Jackson supplement her response.

It appears that Jackson has voluntarily agreed to provide this documentation from the Senate. To the extent that she voluntarily agrees to provide any of the information or documentation sought as to Interrogatories Nos. 18 and 19 and Requests for Production 14 and 15, IT IS ORDERED that the Motion to Compel is GRANTED, and she must do so no later than fourteen (14) days from the date of this Memorandum Order.

---

[6] At the least, Plaintiffs are entitled to obtain any documentation obtained as to committees and subcommittees on which Jackson served during 2012 and 2013 and 2022-2023, the approximate time period during which she engaged with Plaintiffs on her Twitter account.

### c. Request for Production No. 18

Request for Production No. 18 provides as follows:

Produce a copy of your email database including all documents showing the email address of the account holder and the physical address of residence.

Jackson objects to Request for Production No. 18 as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without definition, Jackson believes the request to seek a copy of every email Jackson has ever sent or received in any capacity. As a practicing attorney, her emails are protected by the attorney-client and/or the work- product privileges.

Plaintiffs clarify that they seek a copy of the email database Jackson identified in her deposition when she testified that "we have a great email database of constituents," and "our email database is vast." She also identified a "teacher database," a "pharmacy database," a "senior database," as well as other "subject matter databases." She explained that citizens sign up for these databases and that emails sent to her various databases come from her legis.la.gov email. She also said that citizens get added to the database when they email her to ask questions or discuss legislation. She also claimed that, prior to blocking a user on social media, she crosschecks the user's name with her database to ascertain whether they are constituents.

IT IS ORDERED that the Motion to Compel is DENIED. The undersigned finds this request, even if meant to obtain even marginally relevant documentation, is not proportional to the needs of the case. There is no dispute that Plaintiffs are not her constituents. The undersigned fails to glean how the production of every email address of any person who has ever contacted Jackson will lead to relevant information or documentation.

### 5. Attorney's Fees and Costs

The undersigned recognizes Plaintiffs' frustration with Jackson's failure to timely

18

respond to discovery in the past, the necessity of filing a motion to compel, and the delay in her deposition date.  However, prior delays aside, Plaintiffs do not have the authority to unilaterally demand that Jackson respond to new discovery more quickly than provided by the Federal Rules of Civil Procedure or local rules.  While counsel may agree and may have even agreed to try to expedite, it does not appear that any specific agreement was reached on the date the responses would be provided.  Nor did they seek or obtain an order from the Court.  Further, while the undersigned agrees with Plaintiffs in part that Jackson must supplement her responses,  it is the ruling of the undersigned that some of Plaintiffs' interrogatories and requests exceed the scope of this litigation.  Under these circumstances, an award of attorney's fees or costs would not be just and will not be awarded.

### 6.  Extension of Deadlines

One of Plaintiffs' bases for seeking court intervention is the approaching dispositive motion deadline.    To ensure that Plaintiffs are not prejudiced by any delay in responses, IT IS ORDERED that the discovery deadline is extended for fifteen (15) days, consistent with the ordered deadlines set forth herein, for the sole purpose of Jackson providing the responses and documentation ordered and to allow Plaintiffs to seek further court intervention if necessary.  IT IS FURTHER ORDERED that the dispositive motion deadline is CONTINUED AND RE-SET to January 6, 2025.  If further extensions are needed, counsel may contact my chambers to request a status conference.

### **<u>Conclusion</u>**

For the foregoing reasons,

IT IS ORDERED that the Motion to Compel is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED to the extent set forth in this Memorandum Order, and Jackson

is required to provide the responses and/or documentation as indicated. The motion is DENIED AS MOOT as to Plaintiffs' requests for admission, except for those pertaining to the advanced Twitter search; Interrogatory No. 21, and Requests for Production Nos. 16, 17, and 19. The motion, including any request for attorneys' fees and costs, is otherwise DENIED.

IT IS FURTHER ORDERED, sua sponte, that the discovery deadline is extended for fifteen (15) days, consistent with the deadlines in this Memorandum Order, for the sole purpose of Jackson providing the responses and documentation ordered herein and to allow Plaintiffs to seek further court intervention if necessary.

IT IS FURTHER ORDERED that the dispositive motion deadline is CONTINUED AND RE-SET to January 6, 2025.

THUS DONE in Chambers on this 25th day of November, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE