UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MAYA DETIEGE and DAYNE SHERMAN,<br><br>*Plaintiffs,*<br>v.<br><br>KATRINA JACKSON, in her official and individual capacities,<br><br>*Defendant.* | CIVIL ACTION NO.: 3:23-cv-175<br><br>JUDGE WALTER<br><br>MAGISTRATE JUDGE MCCLUSKY |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike a portion of a pleading on the grounds that it is "redundant, immaterial, impertinent, or scandalous matter." Scandalous matter is that which unnecessarily impugns the character or improperly casts a cruelly derogatory light on someone, such as counsel, or a party to the action. Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613 (1st Cir. 1988); Consumer Solutions REO, LLC v. Hillery, 658 F.Supp. 2d 1002 (N.D. Cal. 2009). While motions to strike are generally disfavored, "striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties." Jefferson Par. Consol. Garbage Dist. No. 1 v. Waste Mgmt. of Louisiana, L.L.C., No. CIV.A. 09-6270, 2010 WL 1731204, at *5 (E.D. La. Apr. 28, 2010).

Here, the scandalous matter Plaintiffs move to strike has no bearing on the merits of the case and is highly prejudicial to Plaintiff Detiege. It is an undisputed fact that on June 24, 2022, Ms. Detiege quoted-tweeted a tweet of Defendant Jackson that contained a graphic announcing that *Roe v. Wade* was overturned. The graphic was signed "Senator Katrina R. Jackson" and

encouraged the public to stand in support of women and children. In quote-tweeting Defendant Jackson's tweet, Ms. Detiege replied: "I say this with all disrespect: burn in hell. You don't care about women. You don't care about pregnant people. You don't care about children. You don't care about education. I do not support all black women. Some of you bitches are very dumb." Plaintiffs attached this tweet as exhibit 42 to their motion for support of summary judgment. The tweet is well-documented. Neither party disputes what Detiege wrote.

However, Plaintiffs *do* dispute and move to strike Defendant's egregious mischaracterization of Ms. Detiege's comments throughout Defendant's brief in support of her motion for summary judgement, Rec. Doc. 50-1. Defendant does not provide Detiege's actual words to the Court. Instead, she consistently misquotes Ms. Detiege's words, divorcing them from their context and mischaracterizing her speech to the point of slander. Detiege's words have important meaning, spoken from one Black woman to another. Defendant rearranges the order of the words to represent that Detiege "littered the page" with "You Black Bitch are very dumb." This clearly is unfairly prejudicial. The words are re-ordered with the purpose of making them more inflammatory <u>and</u> confusing the Court about what actually was said. It also was done to confuse the public— the Attorney General tweeted out this misrepresentation to her 37,000 Twitter followers, as demonstrated by exhibit 17 to Plaintiffs' memorandum in opposition to Defendant's motion for summary judgment.

This case is about speech—Plaintiffs are asserting their right to speak. Defendant is claiming she has a right to silence speech. The actual content of the speech in question is exceedingly important. Defendant's consistent mischaracterization of the speech in question is deliberately misleading and unnecessarily impugns Ms. Detiege's character. Plaintiffs respectfully request this Court strike the following portions from Defendant's Memorandum in Support of

Summary Judgment, Rec. Doc. 50-1, on the grounds that they are scandalous and unfairly prejudicial against Plaintiff Maya Detiege.

    1.    Defendant opens her brief with "It is remarkable that, in 2025, the Attorney General's office has been called to defend a Black state senator against allegations that the U.S. Constitution requires her to allow an **anonymous and abusive troll to litter the senator's personal social-media account with messages like "burn in hell" and "you ['Black'] bitch[] ... are very dumb."** R. Doc. 50-1, p. 1. This portion should be struck as it is an intentionally scandalous mischaracterization of Ms. Detiege's tweet. First, it calls Ms. Detiege, a concerned citizen whose Twitter page includes her longtime username, location, and profile photo, an anonymous troll. Next, it implies that the tweet in question was multiple messages—when it was actually one singular tweet. And finally, Defendant cherry-picks words from Ms. Detiege's tweet and intentionally arranges them to change the meaning. Further inflaming this matter, the Attorney General's office tweeted this portion of their brief on January 7. Plaintiffs move to strike it because it is intentionally misleading, scandalous, and unfairly prejudicial.

    2.    "In two responses, Detiege told Senator Jackson to "burn in hell," referred to the Senator as a **"Black" "bitch" who is "very dumb,"** and "root[ed] for [the Senator's] downfall."" R. Doc. 50-1, p. 7. Here again, Defendant takes Ms. Detiege's words out of context and implies that she said something that she did not say. Because it is scandalous, misleading, and unduly prejudicial, this portion should be struck.

    3.    **"Coaxed by her counsel, Detiege testified in her deposition that she simply quoted a "meme" in criticizing Senator Jackson as a "dumb Black bitch.""** R. Doc. 50-1, p. 7. Here, Defendant manages to disparage both Ms. Detiege and Ms. Detiege's counsel. There is no evidence whatsoever in the record to suggest that Ms. Detiege was in any way coaxed by her

counsel. Nor does Defendant cite to any evidence. In addition to disparaging counsel, Defendant again mischaracterizes Ms. Detiege's speech. Here, she takes the mischaracterization a step further—in addition to cherry-picking words, she blatantly misquotes the tweet. The quoted phrase "dumb Black bitch" is not in Ms. Detiege's tweet. Ms. Detiege's tweet speaks for itself. Because it is scandalous, intentionally misleading, and unduly prejudicial, this portion should be struck.

4. "And for the same reason, blocking Detiege for her "burn in hell" and **"dumb Black bitch" attacks** is not viewpoint discrimination in any sense of that term." R. Doc. 50-1, p. 23. This portion should be struck because it grossly mischaracterizes Ms. Detiege's speech. Ms. Detiege did not tweet the quoted phrase "dumb Black bitch." Because this mischaracterization is scandalous, misleading, and unduly prejudicial, this portion should be struck. It is egregious misrepresentation by defense counsel.

Respectfully submitted,

*/s/ Annie Cleveland*
Katie M. Schwartzmann La Bar No. 30295
Annie Cleveland La Bar No. 41473
Richard A. Crow, Student Attorney
Landon Pettigrew, Student Attorney
Tulane First Amendment Law Clinic
6329 Freret Street, Suite 130
New Orleans, Louisiana 70118
kschwartzmann@tulane.edu
o: (504) 862-8813

4