UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAYA DETIEGE and DAYNE SHERMAN | CIVIL ACTION NO. 3:23-cv-175 |
| VERSUS | JUDGE WALTER |
| KATRINA JACKSON, in her official and individual capacities | MAGISTRATE JUDGE KAYLA D. MCCLUSKEY |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KATRINA JACKSON'S MOTION FOR ATTORNEYS' FEES</u>**

On August 15, 2025, this Court entered judgment in favor of Defendant, Senator Katrina Jackson, dismissing "[a]ll of the claims filed by Plaintiffs, Maya Detiege and Dayne Sherman," with prejudice. ECF No. 84. As the "prevailing party" in this litigation, Senator Jackson now seeks reasonable attorneys' fees and costs from Plaintiffs. *See* Fed. R. Civ. P. 54(d).

**A. Procedural Background**

Plaintiffs filed this lawsuit against Senator Jackson under 42 U.S.C. § 1983, alleging a violation of Plaintiffs' First Amendment rights. *See* ECF No. 19 ¶ 2. Following a detailed Memorandum Ruling (ECF No. 83), this Court granted Senator Jackson's Motion for Summary Judgment (ECF No. 50), denied Plaintiffs' Motion for Summary Judgment (ECF No. 58), and dismissed all of Plaintiffs' section 1983 claims against Senator Jackson with prejudice. ECF No. 84.

**B. Legal Background**

"American courts generally cannot shift attorney fees without express authorization in a statute or contract. The Supreme Court has termed this the 'American Rule.'" *Hoyle v. City of Hernando*, No. 23-60451, 2024 WL 4039746, at *4 (5th Cir. Sept. 4, 2024) (Oldham, J., concurring). Of such "fee-shifting" statutes, 42 U.S.C. § 1988 is "perhaps the most well-known."

1

*Id.* at *5. Under 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of [section 1983], the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." In other words, section 1988 allows the prevailing party in section 1983 litigation to claim reasonable attorneys' fees from the losing party.

"Oddly, however, American courts have interpreted the phrase 'prevailing party' to mean 'most plaintiffs, even when they do not really prevail,' and 'virtually no defendants ever.'" *Hoyle*, 2024 WL 4039746, at *5 (Oldham, J., concurring). Specifically, the controlling rule is that "a prevailing *defendant* cannot enjoy fee shifting unless the plaintiff's claim was 'frivolous.'" *Id.* (citing *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009)); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998) ("[P]revailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless."); *see Fox v. Vice*, 563 U.S. 826, 836 (2011) ("Section 1988 allows a defendant to recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim."); *but see CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 436 (2016) (Thomas, J., concurring) (explaining that this rule in the Title VII context "'mistakenly cast[s] aside the statutory language' in interpreting the phrase 'prevailing party'" (citation omitted)).

As Judge Oldham, joined by Judge Willett in a concurring opinion, recently noted, however, that rule likely cannot be grounded in the text of section 1988 itself: The "plain text does *nothing* to differentiate between prevailing plaintiffs and prevailing defendants. It simply says 'the prevailing *party*' may reap the benefit of fee shifting." *Hoyle*, 2024 WL 4039746, at *5 (Oldham, J., concurring) (quoting 42 U.S.C. § 1988(b)). The broad use of the term "party," rather than explicitly distinguishing between plaintiffs and defendants, Judge Oldham notes, "appears to mirror the English Rule, which has provided prevailing-party fee shifting to both plaintiffs and

2

defendants since the reign of James I." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 n.18 (1975)). To distinguish between plaintiffs and defendants, then, likely flouts Congress's intent, "[a]nd federal courts are supposed to leave policy-preference choices to Congress—not invoke them to rewrite statutes." *Id.*

### C. Argument

#### a. The Defendant-Specific Rule for Fee-Shifting Under Section 1988 Is Wrong.

Here, there can be no question that Senator Jackson was the "prevailing party" in an "action ... to enforce a provision of" section 1983. 42 U.S.C. § 1988(b); *see* ECF No. 84. As Judge Oldham opined, it does not matter, under the "plain text" of section 1988, whether Senator Jackson was the plaintiff or defendant when it comes to the question of awarding fees. *Hoyle*, 2024 WL 4039746, at *5 (Oldham, J., concurring). Thus, the State should be entitled to reasonable attorneys' fees, regardless of whether Plaintiffs' claims were "frivolous, unreasonable or groundless." *Hidden Oaks Ltd.*, 138 F.3d at 1053. However, because this Court is bound by existing precedent, Senator Jackson raises this argument for preservation purposes only.

#### b. In Any Event, Senator Jackson is Entitled to Attorneys' Fees.

Even under section 1988's current defendant-specific rule, Senator Jackson is entitled to reasonable attorneys' fees and costs because, as Senator Jackson has maintained from the beginning, "[t]his lawsuit was frivolous the day it was filed." ECF No. 50-1 at 1; *see also Hidden Oaks Ltd.*, 138 F.3d at 1053; *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2002) ("When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie case*, whether the defendant offered to settle, and whether the court held a full trial.").

3

Begin with Plaintiff Sherman—a plaintiff added as an after-thought in the First Amended Complaint, despite the fact that he lacked Article III standing and his claims were plainly time-barred. Discovery confirmed what the First Amended Complaint already made clear: Sherman suffered no injury-in-fact that could be redressed by this Court, and he admitted as much in his deposition. ECF No. 50-1 at 10. He therefore lacked Article III standing the day he was added as a plaintiff in the First Amended Complaint. Worse, his claims were time-barred on their face: Sherman's cause of action (if any) arose in 2013, he was aware of this fact for a decade, and yet he chose to sue in 2023—well after his one-year limitations period expired. *See Hearn v. McCraw*, 856 F. App'x 493, 495–96 (5th Cir. 2021) (per curiam). These roadblocks to relief were evident prior to the filing of Sherman's claims, and so those claims were plainly frivolous at inception.

Beyond Sherman alone, both Plaintiffs' claims were frivolous when filed because clear jurisdictional bars—sovereign immunity, legislative immunity, and qualified immunity—prohibited Plaintiffs from bringing section 1983 claims against Senator Jackson in the first place. Although this Court did not address these jurisdictional arguments in its Memorandum Ruling (*see* ECF No. 83), they nonetheless reinforce Senator Jackson's claim for attorneys' fees because they demonstrate that Plaintiffs' claims could never succeed—on their merits or otherwise. *See* ECF No. 50-1 at 13–16.

If these jurisdictional barriers were not enough to dissuade Plaintiffs from filing a lawsuit that was destined to fail, Plaintiffs' claims could not—and indeed did not—succeed on their merits under controlling Supreme Court precedent. One year after Plaintiff Maya Detiege file the Original Complaint in this lawsuit (ECF No. 1), in *Lindke v. Freed*, 601 U.S. 187 (2024), the Supreme Court crystalized the test for this exact type of lawsuit—a section 1983 claim against a "state actor" in the realm of social media. Under that framework, Plaintiffs' claims failed from the jump. As

4

this Court rightly held, Plaintiffs could not make "a threshold showing of authority" on Senator Jackson's part to even wade into the section 1983 waters. ECF No. 83 at 15. "Plaintiffs do not advance any new sources of written law, custom, or usage to support the existence of actual authority, and ... Plaintiffs' cited sources do not establish Jackson had actual authority to speak on the State's behalf." *Id.* at 16. Plaintiffs' therefore could not demonstrate the requisite state action to challenge Senator Jackson's actions under section 1983—and so their claims were properly dismissed on their merits. *See Myers*, 211 F.3d at 293 (where "claims were dismissed before reaching the jury," court found claims frivolous).

True, "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). But what each of these deficiencies—lack of standing, clear expiration of limitations period, immunity principles, intervening Supreme Court precedent—demonstrate is that Plaintiffs should never have filed, much less maintained, this lawsuit in the first instance. Never could these section 1983 claims succeed under controlling jurisdictional principles, and, since the Supreme Court's *Lindke* opinion, nor could they succeed on the merits. Thus, the lawsuit was frivolous and groundless when filed, and Senator Jackson is entitled to reasonable attorneys' fees.

c. **Defendant's Request for Fees and Costs is Reasonable.**

Reasonable attorneys' fees in federal actions are determined by performing a two-step lodestar analysis. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Calix v. Ashton Marine LLC*, No. 14-2430, 2016 WL 4194119, at *1 (E.D. La. July 14, 2016). First, "[a] lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). A reasonable hourly rate is "to

5

be calculated according to the prevailing market rates in the relevant community," and is a rate "adequate to attract competent counsel." *Blum v. Stenson*, 465 U.S. 886, 895, 897 (1984) (citation omitted). Second, the district court may decrease or enhance the lodestar based on the relative weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

As more fully detailed in the attached Affidavit of Thomas M. Hayes, IV, Senator Jackson has incurred a total of $116,033.00 in attorneys' fees for legal services provided by the law firm of Hammonds, Sills, Adkins, Guice, Noah, & Perkins L.L.P. (the "Firm"), based on 683.9 hours of billed work. Exhibit A. Senator Jackson respectfully submits that the lodestar, based upon undersigned counsel's hourly rates of $175.00 for partners and $125.00 for associates, multiplied by the reasonably expended hours set forth in the attachments hereto, supports the award of the fees sought. Mr. Hayes attests to the legal services provided by the Firm, as well as the Firm's Statements of Legal Services Rendered, each statement describing services rendered, fees billed, and costs incurred by the Firm. *See* Exhibit A-2. A Bill of Costs is also attached here in support, reflecting costs of $3,216.24 incurred for the process of locating, accumulating, and producing to the Firm materials relevant to the defense of this suit. Exhibit A-1.

The Firm believes that its customary rates are reasonable and consistent with the hourly rates charged by attorneys of comparable skills, experience, background, and reputation for civil defense litigation in Louisiana. The professional services rendered were performed by attorneys with broad experience and a competent skill level in the areas for which they have been employed. *See* Exhibit A. Defendant submits that the attorneys effectively and efficiently met the requirements of the tasks assigned, and the attorneys' experience in these matters has enabled the results obtained here.

6

### D. Conclusion

Accordingly, pursuant to Federal Rule of Civil Procedure 54(d)(2), Defendant Katrina Jackson respectfully requests that this Court grant this Motion and award Senator Jackson's attorneys' fees in the amount of $116,033.00 and costs in the amount of $3,216.24, for a total of $119,249.24, and all further relief that the Court deems proper.


Dated: August 29, 2025                                   Respectfully submitted,


   /s/ *Caitlin Huettemann*
CAITLIN HUETTEMANN (La #40402)
 *Assistant Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 326-6766
Facsimile:   (225) 326-6795
huettemannc@ag.louisiana.gov

*/s/ Thomas M. Hayes, IV*
Thomas M. Hayes, IV (La # 28600)
HAMMONDS, SILLS ADKINS, GUICE,
NOAH & PERKINS, L.L.P.
1500 N. 19th Street, Suite 301
Monroe, Louisiana 71201
Telephone: (318) 324-0101
Facsimile: (318) 322-5375
Email: thayes4@hamsil.com

*Counsel for Defendant Katrina Jackson*