UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAYA DETIEGE and DAYNE SHERMAN | CIVIL ACTION NO. 3:23-cv-175 |
| VERSUS | JUDGE WALTER |
| KATRINA JACKSON, in her official and individual capacities | MAGISTRATE JUDGE KAYLA D. MCCLUSKEY |

## OPPOSITION TO PLAINTIFFS' MOTION TO STAY DEFENDANT'S MOTION FOR ATTORNEYS' FEES

On September 12, 2025, Plaintiffs Maya Detiege and Dayne Sherman filed a motion to stay (ECF No. 90) Defendant Katrina Jackson's motion for attorneys' fees (ECF No. 85), pending the resolution of Plaintiffs' contemporaneously filed notice of appeal (ECF No. 88) of this Court's ruling and judgment dismissing Plaintiffs' claims with prejudice. Plaintiffs assert that "[i]t is prudent and efficient to stay the adjudication of Defendant's motion until the Fifth Circuit completes the adjudication of the appeal." ECF No. 90-1 at 2. To the contrary, this Court should exercise its discretion to rule on Senator Jackson's motion for attorneys' fees, resolve the issues therein, and allow the Fifth Circuit to take the whole case at once. As explained more fully below, avoiding piecemeal appeals and presenting the parties' arguments as one will best serve judicial efficiency and conserves the parties' resources.

Staying consideration of Senator Jackson's motion for attorneys' fees will guarantee two appeals. Ruling now guarantees one. The latter is precisely why Rule 54 contemplates a condensed two week period to move for fees: It "enables the court … to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." Fed. R. Civ. P. 54(d) advisory committee's note. The stay motion works against both the letter and the spirit of that rule.

1

A. **Background**

On August 29, 2025, Senator Jackson filed a motion for attorneys' fees, asserting that, as the clear prevailing party in this litigation, she is entitled to reasonable fees and costs from Plaintiffs. ECF No. 85-1 at 1; *see* 42 U.S.C. § 1988(b). As Senator Jackson explained in her motion, even under the controlling rule for fee-shifting under section 1988, Plaintiffs are on the hook for Senator Jackson's fees and costs incurred in defense of Plaintiffs' lawsuit because "[t]his lawsuit was frivolous the day it was filed." ECF No. 50-1 at 1. Rather than a "bullying tactic," as Plaintiffs assert in their opposition to the motion for fees (ECF No. 93 at 1), this request is entirely appropriate under the law and considering the facts of this case. *See* ECF No. 85-1 at 3–5 (explaining that Senator Jackson meets the frivolous and groundless standard to entitle her to fees from Plaintiffs). More, Senator Jackson's request for fees, as supported by the affidavit and bill of costs submitted with the motion (ECF Nos. 85-2, 85-3), is wholly reasonable under the applicable lodestar analysis. *See* ECF No. 85-1 at 5–6.

Setting the merits of the fees motion aside, Plaintiffs filed a motion to stay, arguing only that, in the Court's discretion, it may decline to rule on the fees motion pending Plaintiffs' merits appeal at the Fifth Circuit. *See* ECF No. 90-1 at 2. The Fifth Circuit has yet to issue a briefing notice or take any other significant action as to Plaintiffs' appeal. *See Detiege v. Jackson*, No. 25-30514 (5th Cir.). As of the filing of this opposition, the only actions thus far on the appellate docket are the filing of attorney appearance forms, the clerk's request for the electronic record on appeal, (which is due on October 7, 2025), and the appellants' filing of the transcript order form. *See id.* The time is therefore right for this Court to adjudicate the motion for attorneys' fees, before the parties' briefing begins at the Fifth Circuit.

### B. Argument

Delaying Senator Jackson's motion for attorneys' fees would virtually guarantee multiple appeals—the first on the merits of the summary judgment motions, and the second on the question of attorneys' fees. Senator Jackson's approach, on the other hand, provides one vehicle to appeal both issues at once. *See* Fed. R. App. P. 3(b)(2) ("When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."); *see also* Fed. R. App. P. 4(a)(4)(A)(iii) (permitting court to extend the time to appeal where motion is filed and stating that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion"). That conclusion follows whether this Court grants or denies Senator Jackson's motion for attorneys' fees because either decision allows for a single, streamlined appeal to the Fifth Circuit—if the judgment on the motion for attorneys' fees is even appealed at all. *See Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 44 F. App'x 487, 490 (Fed. Cir. 2002) (explaining that ruling on attorneys' fees award is final and appealable where court "quantif[ies] the amount" of fees). Whatever this Court's decision on the fees motion, the losing party may promptly appeal that final decision (should they so choose) and bring the entire case to the Fifth Circuit at one time, thus preserving both courts' time and resources.

Federal Rule of Civil Procedure 54(d)(2)(B) requires that a party file a motion for attorneys' fees "no later than 14 days after the entry of judgment." As the Advisory Committee Notes make clear in explaining the 1993 Amendment to this rule, "[o]ne purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." Fed. R. Civ. P. 54(d) advisory committee's note; *see id.* ("In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case."). "Prompt filing affords an opportunity for the court to resolve fee disputes shortly after

3

trial, while the services performed are freshly in mind[,]" and it "enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." *Id.*; *see Perez Hernandez v. Grubbs*, No. CIV.A. 02-3783, 2003 WL 22415990, at *1 (E.D. La. Oct. 21, 2003) (rejecting motion to stay a motion for attorneys' fees because "it is normal in such cases that the Court decide the award of the attorneys' fees prior to an appeal being taken"); *Virginia Elizondo, Plaintiff, v. Spring Branch Independent School District, et al., Defendants.*, No. CV H-21-1997, 2025 WL 2664245, at *2 (S.D. Tex. Sept. 17, 2025) ("Although Federal Rule of Civil Procedure 54 affords courts the discretion to defer a decision on attorney's fees, 'the Advisory Committee Notes to the rule explain the wisdom of resolving the fee issue [promptly].'" (citation omitted)); *Greater Birmingham Ministries v. Merrill*, No. 2:15-CV-02193-LSC, 2018 WL 11425267, at *1 (N.D. Ala. Feb. 13, 2018) ("These [advisory committee note] considerations are applicable here and make a stay pending appeal inappropriate.").

Thus, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice[.]" Fed. R. Civ. P. 54(d) advisory committee's note. That decision rests in the sound discretion of this Court, considering "judicial efficiency" and the specific facts of the case. *See Charles v. LeBlanc*, No. CV 18-0541, 2025 WL 2627701, at *2–3 (W.D. La. Sept. 11, 2025) (citing Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment ¶ 2).

Senator Jackson's approach is the most efficient path forward here. In support of a stay, Plaintiffs argue only that the Court may decide to delay resolution of the fee award "[i]n keeping with established jurisprudence and in the interest of judicial economy." ECF No. 90-1 at 2. Although unclear, only two possible reasons exist for that conclusion. *One*, Plaintiffs may believe

4

that the merits appeal could result in a reversal, so it would be better to wait for a final determination of who is the "prevailing party." But the mere possibility of a reversal should not convince the Court that resources would be preserved under Plaintiffs' approach. *See Perez Hernandez*, 2003 WL 22415990, at *1. It is just as likely—if not more so—that this Court's decision will be affirmed, as that decision was based on clear precedent and reasoned legal analysis. *See* ECF No. 83. *Two*, Plaintiffs may believe that Senator Jackson could request additional fees and costs associated with litigating the appeal after the fact, thus requiring piecemeal decisions on the fee award itself. Also unconvincing. Assuming Senator Jackson would even seek fees for litigation of the appeal, the Fifth Circuit can—and often does—simply award such attorneys' fees for an appeal on its own. *See Heasley v. Comm'r*, 967 F.2d 116, 125 (5th Cir. 1992) ("We have the power to make an award for services rendered in this court; and we elect to do so here in order to bring this long-pending dispute to a close."); *Leroy v. City of Houston*, 906 F.2d 1068, 1086 (5th Cir. 1990) (same); *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976) (same). Neither argument, therefore, supports Plaintiffs' position.

More, as laid out in the motion for attorneys' fees, while Senator Jackson satisfies the Fifth Circuit's current pro-plaintiff rule for fee-shifting under Section 1988, she also has challenged it in the event any court believes she has not satisfied it—namely, that this rule is unsupported by the plain text of the statute. ECF No. 85-1 at 2–3; *see Hoyle v. City of Hernando*, No. 23-60451, 2024 WL 4039746, at *5 (5th Cir. Sept. 4, 2024) (Oldham, J., concurring); *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 436 (2016) (Thomas, J., concurring) (explaining that this rule in the Title VII context "'mistakenly cast[s] aside the statutory language' in interpreting the phrase 'prevailing party'" (citation omitted)). Because this Court is bound by precedent and therefore cannot decide that particular issue—before or after resolution of Plaintiffs' appeal of this Court's

5

ruling on summary judgment—it makes good sense to send the question to the Fifth Circuit now, and allow that court in the first instance to consider the issue. That approach will preserve this Court's resources and avoid multiple adjudications on the same motion for fees if Senator Jackson succeeds regarding the textual argument. *See Hoyle*, 2024 WL 4039746, at *5 (Oldham, J., concurring) (The "plain text does *nothing* to differentiate between prevailing plaintiffs and prevailing defendants. It simply says 'the prevailing *party*' may reap the benefit of fee shifting." (quoting 42 U.S.C. § 1988(b)).

If Senator Jackson is successful both at this Court and at the Fifth Circuit, the appellate court can simply affirm the fee award, without requiring remand to this Court. Such an approach would prevent the prejudice to Senator Jackson of awaiting both her due fees and costs and the Fifth Circuit's potentially favorable ruling on the fee-rule issue. *See Virginia Elizondo*, 2025 WL 2664245, at *3 ("[Defendant] has promptly filed her Motion for Attorney's Fees and Costs, and [Plaintiffs] have not identified any significant reason to delay a decision on that motion."); *Charles*, 2025 WL 2627701, at *3 ("Deciding this portion of [the party's] fee request now will expedite the Court's future determinations."); *see also Botts v. Pruitt*, 116 F.3d 1476, 1476 n.2 (5th Cir. 1997) ("We note that the district court's improper consideration of [the party's] untimely fee request resulted in precisely the situation Rule 54(d)(2)(B) is intended to avoid."). Adjudicating the motion for attorneys' fees now, therefore, best preserves judicial resources and avoids piecemeal litigation.

### C. Conclusion

Accordingly, Senator Jackson respectfully requests that this Court deny Plaintiffs' motion to stay (ECF No. 90) and adjudicate the motion for attorneys' fees (ECF No. 85) in due course.

Dated: September 29, 2025	Respectfully submitted,

   /s/ *Caitlin Huettemann*
CAITLIN HUETTEMANN (La #40402)
 *Assistant Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 326-6766
Facsimile:   (225) 326-6795
Email: huettemannc@ag.louisiana.gov

*/s/ Thomas M. Hayes, IV*
Thomas M. Hayes, IV (La # 28600)
HAMMONDS, SILLS ADKINS, GUICE, NOAH & PERKINS, L.L.P.
1500 N. 19th Street, Suite 301
Monroe, Louisiana 71201
Telephone: (318) 324-0101
Facsimile: (318) 322-5375
Email: thayes4@hamsil.com

*Counsel for Defendant Katrina Jackson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2025, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), a true and correct copy of the foregoing memorandum, and all attachments thereto, was served by CM/ECF.

Respectfully submitted,

　_/s/ Caitlin Huettemann_
CAITLIN HUETTEMANN (La #40402)
　*Assistant Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 326-6766
Facsimile:　(225) 326-6795
huettemannc@ag.louisiana.gov

*Counsel for Defendant Katrina Jackson*