UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MAYA DETIEGE** | **CIVIL ACTION NO. 23-cv-0175** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **KATRINA R JACKSON** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Attorney's Fees filed by Katrina R Jackson ("Jackson") and a Motion to Stay Defendant's Motion for Attorney's Fees filed by Maya Detiege ("Detiege") and Dayne Sherman ("Sherman")(collectively, "Plaintiffs"). [docs. #85, 90]. The motions are opposed. [docs. #93, 95].

For reasons assigned below, **IT IS RECOMMENDED** that Plaintiffs Motion to Stay [doc. #90] be **DENIED**. **IT IS FURTHER RECOMMENDED** that Jackson's Motion for Attorney's Fees [doc. #85] be **DENIED.**

**BACKGROUND**

On February 9, 2023, Detiege filed suit against Jackson, alleging a cause of action under 42 U.S.C. § 1983 for a violation of her First Amendment right to free speech. [doc. #1]. The basis of this claim was her inability to access Jackson's Twitter page. *Id*. On August 28, 2023, Sherman joined this lawsuit, asserting an identical claim against Jackson. [doc. #19]. Both sides filed a motion for summary judgment. [docs. #50, 58]. On August 15, 2025, Judge Walters issued a Ruling and Judgment [doc. #s 83 & 84], denying Plaintiffs' Motion for Summary Judgment,

granting Jackson's Motion for Summary Judgment, and dismissing all claims filed by Plaintiffs against Jackson. [doc. #84].

On August 29, 2025, Jackson filed the instant Motion for Attorney's Fees. [doc. #85]. Jackson argued that under 42 U.S.C. § 1988 (b) and Federal Rule of Civil Procedure 54 (d)(2), she is a prevailing party and entitled to attorney's fees. *Id*.

On September 12, 2025, Plaintiffs filed a Notice of Appeal of Judge Walter's Judgment to the United States Court of Appeals for the Fifth Circuit. [doc. #88]. That same day, Plaintiffs filed the instant Motion to Stay the Motion for Attorney's Fees pending the appeal. [doc. #90]. In their Motion to Stay, Plaintiffs argued that this Court should not rule on Jackson's Motion for Attorney's Fees in the interest of judicial economy and to avoid multiple appeals. *Id*.

On September 19, 2025, Plaintiffs filed an opposition to Jackson's Motion for Attorney's Fees arguing that Jackson was not entitled to fees because Plaintiffs' case was not frivolous and, further, the amount sought is unreasonable. [doc. #93].

On September 29, 2025, Jackson filed an opposition to Plaintiffs' Motion to Stay, arguing that a delay in awarding attorney's fees would guarantee multiple appeals and would not be in the interest of judicial economy as Plaintiffs assert. [doc. #95]. Plaintiffs filed a reply to Jackson's opposition to their Motion to Stay. [doc. #96].

No further briefing was had, and, thus, the motions are ripe.

## ANALYSIS

I. **Jurisdiction**

As a preliminary matter, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wooten v. Roach*, 964 F.3d 395,

403 (5th Cir. 2020).  However, "[d]istrict courts retain jurisdiction to issue a stay while an appeal is pending, even where a notice of appeal has been filed prior to the request for a stay." *United States v. Tellez*, 2012 WL 12951152, at *1 (W.D. Tex. Feb. 22, 2012) (citing *In re Miranne*, 852 F.2d 805, 806 (5th Cir. 1988)).  Further, "[a] district court has jurisdiction to rule on a motion for ancillary attorneys' fees even after the filing of a notice of appeal with respect to the underlying claims." *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997).  A court also retains jurisdiction to consider a request for costs.  *Kira, Inc. v. All Star Maint., Inc.*, 294 F. App'x 139, 140-41 (5th Cir. 2008).  Thus, this Court retains jurisdiction to rule on these two present motions.

II.     **Motion to Stay**

"A stay is not a matter of right, even if irreparable injury might otherwise result. . . It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 434.  The fact that the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion." *Nken*, 556 U.S. at 434 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  "A motion to a court's discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Id*.  A party seeking a stay must show (1) that the applicant is likely to succeed on the merits; (2) the applicant will be irreparably damaged absent a stay; (3) the issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) the public interest

lies in favor of the stay. *See Id; Plaquemines Parish*, 84 F.4th at 373. "The first two factors are . . . the most critical." *Plaquemines Parish*, 84 F.4th at 373.

Here, Plaintiffs argue that a stay would be in the best interest of judicial economy, pointing to cases in which the Western District of Louisiana held as such. [doc. #90-1] (citing *Colonial Oaks Assisted Living Lafayette v. Hannie Dev. Inc.*, 2019 WL 7290951, at *2-3 (W.D. La. Dec. 27, 2019)); *Moore v. Lasalle Corr., Inc.*, 2020 U.S. Dist. LEXIS 228105, at *6 (W.D. La. Dec 3, 2020). The undersigned disagrees.

As Jackson noted in her opposition, "[a]lthough Federal Rule of Civil Procedure 54 affords courts the discretion to defer a decision on attorney's fees, 'the Advisory Committee Notes to the rule explain the wisdom of resolving the fee issue promptly.'" [doc. #95] (quoting *Elizondo v. Spring Branch Indep. Sch. Dist.*, 2025 LEXIS 467040 (S.D. Tex. Sep. 17, 2025)). In pertinent part, the Advisory Committee Notes state that "[prompt filing] enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." FED. R. CIV. P. 54 (Advisory Committees Notes (1993 Amendments)). In the instant case, Jackson promptly filed her Motion for Attorney's Fees, and Plaintiffs have not identified any significant reason to delay a decision on that motion. Because a prompt resolution of Plaintiffs' Motion for Attorney's Fees may allow appellate review of any dispute over fees and costs to proceed at the same time as review on the merits of the case, the undersigned concludes that judicial economy and efficiency will best be served in this case by a prompt ruling on Jackson's Motion for Attorney's Fees.

Therefore, **IT IS RECOMMENDED** that Plaintiffs' Motion to Stay be **DENIED**.

**III.     Motion for Attorney's Fees**

Under 42 U.S.C. § 1988, a district court may award attorney fees to a prevailing party in a Section 1983 suit. Before deciding whether an award of attorney's fees is appropriate in each case a court must determine whether the party seeking fees has prevailed in the litigation. *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 789 (1989); *Hensley v. Eckerhart*, 461 U. S. 424, 433 (1983). The Supreme Court has explained that "when a plaintiff secures an 'enforceable judgmen[t] on the merits' or a 'court-ordered consent decre[e],' that plaintiff is the prevailing party because he has received a 'judicially sanctioned change in the legal relationship of the parties.'" *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U. S. 598, 602, 603 (2001)). Defendants, however, have a lower bar to clear to be a prevailing party. A defendant "may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST Van Expedited*, 578 U.S. at 431. Here, Judge Walter granted Jackson's Motion for Summary Judgment and dismissed Plaintiffs' claims. It is clear that Jackson is the prevailing party.

Under the plain text of Section 1988, Jackson argues that this is the end of the inquiry: any prevailing party should be entitled to attorney's fees regardless of their designation. [doc. #85-1]. However, this Court is bound by existing Fifth Circuit precedent, which places an additional barrier on defendants seeking attorney's fees under Section 1988. *See e.g., Anderson v. Harrison Cnty.*, 639 F. App'x 1010, 1015 (5th Cir. 2016); *Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001); *Hoyle v. City of Hernando*, 2024 U.S. App. LEXIS 22473 at *2 (5th Cir. Sep. 4, 2024); *Braud v. Spell*, 667 F. App'x 443, 446 (5th Cir. 2016).

A prevailing defendant is entitled to fees "only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial. *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991). The high standard applied to defendants under Section 1988 is designed to "ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail.*"* *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (quoting *Aller v. N.Y. Bd. of Elections*, 586 F. Supp. 603, 605 (S.D. N.Y. 1984)).

To this end, Jackson reiterates many of the same arguments from her Motion for Summary Judgment. [docs. #50-1, 85-1]. She reiterates that at least one of the Plaintiffs did not possess the requisite Article III standing to file a claim, contends that various forms of immunity apply, and cites the Supreme Court precedent in *Lindke* barring Plaintiffs' claims. *Id*; *Lindke v. Freed*, 601 U.S. 187 (2024).

However, in his Memorandum Ruling, Judge Walter addressed only those arguments under *Lindke*. [doc. # 84]; *Lindke*, 601 U.S. at 187. As Jackson admits in her Motion for Attorney's Fees, the Supreme Court's decision in *Lindke* was not handed down until one year after Plaintiffs filed this instant suit. [doc. #85-1, p. 4]; *Lindke*, 601 U.S. at 187. Thus, the law was not settled when the lawsuit was initially filed. Without clear precedent in existence, this Court does not find that the case was "frivolous the day it was filed." [doc. #85-1; doc. #50-1]. Indeed, the timing of Plaintiffs' claims and the Supreme Court's subsequent decision actually demonstrate the relevance of claims of this nature. While the Court has determined that *Lindke* compels a ruling in Jackson's

favor, Plaintiffs' claims were not so frivolous as to meet Jackson's Section 1988 burden. *Lindke*, 601 U.S. at 187. Indeed, the fact that the Court had to reach the merits of the claims at all demonstrates a lack of frivolity. *See Fontenot v. Tcups*, No. 10-954, 2011 U.S. Dist. LEXIS 15648 at *13-14 (E.D. La. Feb. 16, 2011) (holding that a claim which survives dismissal under 12(b)(6) and is dismissed instead on summary judgment does not meet the defendant burden under Section 1988). For these reasons, the undersigned finds that Jackson has failed to show that Plaintiffs' claims were frivolous, unreasonable, or groundless and, thus, is not entitled to attorney's fees.[1]

**IT IS RECOMMENDED** that Jackson's Motion for Attorney's Fees be **DENIED**.

### CONCLUSION

For above assigned reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Stay [doc. #90] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion for Attorney's Fees [doc. #85] be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b). A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION SET FORTH ABOVE,**

---

[1] Given this finding, the Court declines to address the reasonableness of the requested attorney's fees.

**WITHIN 14 DAYS AFTER BEING SERVED WITH A COPY, SHALL BAR THAT PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.** *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 10th day of December, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE